STATE OF NORTH CAROLINA v. SAMMIE LEE BYNUM

No. 7226SC652

(Filed 22 November 1972)

1. **Criminal Law § 66— in-court identification — voir dire examination — failure to make finding — identification proper**

    The trial court did not err in allowing an eyewitness to testify without first making findings of fact where the evidence on *voir dire* was uncontradicted and tended to show that the witness's identification of defendant at trial was based upon her observations of defendant during the course of the robberies.

2. **Robbery § 4— armed robbery — sufficiency of evidence**

    Where the State presented its evidence, including two witnesses who identified defendant as the perpetrator of the crimes charged, and defendant presented only his uncorroborated testimony that he was out of the State at the time the robberies were committed, the evidence was sufficient to overrule defendant's motions for nonsuit and directed verdict.

APPEAL by defendant from *Chess, Judge,* 17 April 1972 Session of Superior Court held in MECKLENBURG County.

Defendant was convicted on two bills of indictment charging robbery with firearms. Judgment was entered imposing a seven-to-ten-year prison sentence in each case, to be served concurrently.

*Attorney General Robert Morgan by Thomas B. Wood, Assistant Attorney General, for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant assigns as error that the court, without "findings of fact," allowed one of the eyewitnesses to the robberies to testify that she saw defendant participate in the crimes. The witness testified that she saw defendant behind the counter of the store where the robberies occurred. Defendant objected, moved to strike and requested a *voir dire*. The jury was excused and the witness was examined as to her opportunity to observe defendant. She testified that she had ample opportunity to observe defendant throughout the robberies, made it a point to study the features of his face and was of the further opinion that she had sold defendant a pack of cigarettes the day prior

to the robberies. Defendant offered no evidence on *voir dire*. The court, without making specific findings of fact, overruled defendant's motion to strike and ordered the jury returned to the courtroom wherein the witness then proceeded to testify as to defendant's conduct during the course of the robberies. The uncontradicted evidence tended to show that the witness's identification of defendant at trial was based upon her observations of defendant during the courses of the robberies. Neither at trial nor on appeal did defendant contend otherwise. Under these circumstances no prejudicial error appears from the failure of the court to make "findings of fact" after the *voir dire*.

[2]   After the State presented its evidence, including that of another witness who identified defendant as a participant in the robberies, defendant took the stand in his own behalf. He testified that at the time the robberies were alleged to have taken place he was in Alexandria, Virginia, having been an escapee from the North Carolina Department of Correction from 3 December 1971 until arrested by an officer of the Charlotte Police Department on 26 December 1971. No other witnesses testified for the defendant.

Defendant assigns as error the denial of his motions for nonsuit and directed verdict. Evidence of defendant's guilt was adequate for submission to a jury and convincingly supports the verdict rendered in a trial which we hold to have been free of prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.